[Civ. No. 13283. Second Dist., Div. One. Feb. 17, 1942.]

IRVING PORTNOY, Respondent, v. ARTHUR C. HOH-MANN, Chief of Police, etc., Appellant.

Ray L. Chesebro, City Attorney, W. Jos. McFarland, Assistant City Attorney, and John L. Bland, Deputy City Attorney for Appellant.

J. F. Rosen and H. Wolpin for Respondent.

DORAN, J.—Plaintiff in the court below petitioned for an injunction restraining the enforcement against him of a certain ordinance of the city of Los Angeles, upon the ground of the unconstitutionality thereof, to which petition the defendant chief of police of the said city interposed a general demurrer. The said defendant waived the right to file an answer to the complaint in the event his demurrer was not sustained; and upon the overruling of the demurrer judgment was entered against the said defendant, in his official capacity as chief of police, the judgment being in the form of a permanent injunction restraining enforcement of the ordinance against plaintiff. From this judgment the defendant chief of police appeals.

The ordinance involved is section 42.16 of the Los Angeles Municipal Code, which reads as follows: "Sidewalk Photographers—Soliciting Prohibited. No person shall upon or along any public street, sidewalk, alley, park, or parkway, or in any doorway or entranceway to any building abutting thereon, solicit the sale of, or distribute any handbill or other advertising matter relating to photographs taken of passersby on or along said public way or place."

In his complaint for injunction plaintiff alleges that he "is now and for more than five years last past has been engaged in the candid camera business and in connection therewith has maintained and is now maintaining a place of business . . . in the City of Los Angeles. That in connection with said business the plaintiff on or about the 2nd day of August, 1940, employed twelve camera men who took snapshots of pedestrians on the sidewalk as they walk towards said camera men and to each of said pedestrians whose photograph has been taken, who voluntarily accepted the same, the said camera men would deliver a card advising the said pedestrian that his or her photograph had just been taken and could be

secured upon sending the price thereof to the place of business of the plaintiff.'' Plaintiff alleges that as to his business the ordinance in question is discriminatory in character, unconstitutional and void in that it does not prohibit the distribution of handbills or other advertising matter relating to anything else, such as shows, theatres, ball games or political advertising but merely prohibits the distribution of handbills or other advertising matter relating to the photographs taken of passersby on or along such public way or place; and that the ordinance is unconstitutional as an unreasonable and unwarranted exercise of the police power which arbitrarily and without due process of law deprives the plaintiff of his property, in violation of the Fourteenth Amendment of the Constitution and of article I, section 13, of the Constitution of the State of California.

Among other points in his brief appellant chief of police contends that the ordinance is a proper enactment for the prevention of littering the streets; that the ordinance is a proper method of preventing the use of the streets for commercial purposes, and a proper method of protecting the right of privacy of persons using the public streets. The only question necessary for determination here is whether the ordinance unjustly discriminates against respondent by seeking to set up an unreasonable and arbitrary classification of persons soliciting sales and distributing advertising matter upon the public streets. It is to be noted that the ordinance in question does not prevent the taking of candid camera photographs upon the streets but merely seeks to prevent solicitation of the sale of such photographs and the distribution of advertising matter relating thereto. Upon the basis of solicitation of sales and the distribution of advertising matter there appears to be no substantial distinction between respondent's type of business and any other type of business which employs or which might employ such solicitation and distribution upon the streets, nor has appellant pointed out any reasonable distinction. Upon its face the ordinance sets up an arbitrary and unreasonable classification of persons soliciting sales and distributing advertising matter upon the public streets, not based upon any natural or constitutional difference, and therefore violates the constitutional guaranties of equal protection of the law and against deprivation of property without due process of law. No question is here involved as to a distinction between commercial and non-commercial use of the streets for

solicitation and advertising. The contentions of appellant as to the insufficiency of the complaint are without merit.

The judgment is affirmed.

York, P. J., and White, J., concurred.